**Opinion issued December 19, 2017**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00254-CV

————————————

**WAYNE DOLCEFINO AND DOLCEFINO COMMUNICATIONS, LLC,**
**Appellants/Cross-Appellees**

**V.**

**CYPRESS CREEK EMS, Appellee/Cross-Appellant**

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-64716**

---

# O P I N I O N

Appellee Cypress Creek EMS ("CCEMS") filed suit seeking a declaratory judgment construing Business Organizations Code section 22.353, part of the Texas Nonprofit Corporation Act, with respect to its duties to provide certain financial documents pursuant to a document request filed by appellants Wayne

Dolcefino and Dolcefino Communications, LLC ("Dolcefino").[1] Dolcefino moved to dismiss CCEMS's declaratory judgment suit under the Texas Citizens Participation Act ("TCPA"), claiming that CCEMS's filing of a declaratory judgment action in response to his requests for the documents denied him his constitutional right to free speech. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (West 2015). The motion was denied by operation of law.

In his sole issue on appeal, Dolcefino argues that the trial court erred in denying the motion to dismiss by operation of law, asserting, among other arguments, that the trial court "erred if it determined that the [TCPA] did not apply" to CCEMS's claims and that he was entitled to dismissal and related attorney's fees and costs. In its cross-appeal, CCEMS asserts that the trial court erred in denying it the opportunity to depose Dolcefino on specific issues relevant to his motion to dismiss and by not continuing the hearing on Dolcefino's motion to dismiss in order to allow CCEMS time to conduct limited discovery. We conclude that Dolcefino failed to carry his burden to demonstrate that the TCPA applies to this suit, and, accordingly, affirm the trial court's ruling on the motion to dismiss.

---

[1] *See* TEX. BUS. ORGS. CODE ANN. § 22.351–.365 (West 2012) (governing records and reports required for Texas nonprofit corporations); *id.* § 22.353 (providing that nonprofit corporation "shall keep records, books, and annual reports of the corporation's financial activity" at its office and make those records "available to the public for inspection and copying").

## Background

CCEMS is a Texas nonprofit corporation doing business as a non-emergency ambulance service in Harris County. Dolcefino was hired to investigate CCEMS, and he requested documents from the organization, including filing a request under Business Organizations Code section 22.353, which requires certain nonprofit corporations to keep financial records and make those records available to the public for inspection and copying. *See* TEX. BUS. ORGS. CODE ANN. § 22.353 (West 2012). Specifically relevant here, on July 13, 2014, Dolcefino requested from CCEMS "[d]ocuments detailing the annual salaries and any other financial compensation for each of the last four years, including current salaries and any overtime payments" ("Payroll Records") and stated that the documents could be redacted.

CCEMS did not provide the requested documents, and tensions escalated between it and Dolcefino. On April 23, 2015, CCEMS sued Dolcefino for conversion and sought a permanent injunction. The trial court granted summary judgment in favor of Dolcefino on these claims, and the final judgment was appealed to this Court and remains pending in cause number 01-16-00929-CV.

CCEMS continued to refuse to provide the requested documents. Dolcefino then made a formal complaint with the Harris County District Attorney. The District Attorney's office charged CCEMS with failing to produce a financial

record pursuant to Business Organizations Code section 22.354, which makes the "fail[ure] to maintain a financial record, prepare an annual report, or make the record or report available to the public in the matter required by Section 22.353" a class B misdemeanor. TEX. BUS. ORGS. CODE ANN. § 22.354 (West 2012). As part of the criminal proceedings, the District Attorney's office subpoenaed the Payroll Records that Dolcefino had requested. CCEMS's efforts to quash that subpoena failed, and it then filed an application for a writ of habeas corpus asserting that the Nonprofit Corporation Act's terms "financial record" and "financial activity" were unconstitutionally vague. The trial court denied this application, and, on June 29, 2016, CCEMS appealed that ruling to this Court in cause number 01-16-00523-CR. A panel of this Court subsequently ruled that CCEMS was not entitled to habeas relief because it had not established that its liberty was restrained in a manner sufficient to invoke the court's habeas jurisdiction. *See Ex parte Cypress Creek EMS*, No. 01-16-00523-CR, 2017 WL 3389648, at *6 (Tex. App.—Houston [1st Dist.] Aug. 8, 2017, no pet.). It appears from the record that this criminal case is still pending in the trial court.

On September 14, 2016, Dolcefino requested from CCEMS "[d]ocuments detailing all invoices from [law firm] Litchfield Cavo LLP between January 1, 2014 and the present" ("Invoices"). The request again stated that CCEMS could provide redacted documents.

CCEMS then filed the declaratory judgment suit underlying this appeal, stating that it "sues as the entity being asked to disclose documents pursuant to the Texas Non-Profit Corporation Act[, Business Organizations Code section 22.353]." It sought a declaratory judgment interpreting section 22.353 to determine whether it was required under that section to provide the documents requested by Dolcefino, namely the Payroll Records and Invoices. CCEMS asserted that both categories of documents contained information protected from disclosure, including names and personal identifying information and information protected by the attorney-client privilege. It further alleged that any right of a member of the public, like Dolcefino, to inspection of those documents pursuant to section 22.353 "does not trump privileges or other rights to confidentiality provided for by Texas law." It also argued that neither the Payroll Records nor the Invoices fell within the scope of documents that a nonprofit corporation must make available for public inspection and copying, observing, "The Act only requires a non-profit corporation to make 'the records, books, and reports' of its 'financial activity' available to the public." It asserted that "[t]he Payroll Records and Invoices are not records, books and reports of financial activity." CCEMS sought a declaration that it is not required to make the Payroll Records or Invoices available to Dolcefino for inspection.

Dolcefino moved to dismiss CCEMS's declaratory judgment suit based on the TCPA, claiming that CCEMS's suit sought to curtail his constitutional right to free speech. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011. Among other facts, Dolcefino asserted that he "is an award winning investigative journalist who currently provides a variety of professional services to his clients, including investigations related to exposure of corruption, fraud, or impropriety." He characterized CCEMS's legal proceedings as "harassment" in retaliation for his request for financial documents available to the public under Texas law. Dolcefino asserted that his requests under Business Organizations Code sections 22.353 and 22.354 were "communications" about a matter of public concern and, thus, an exercise of his right to free speech protected by the TCPA. He sought dismissal, asserting that CCEMS's petition was based on, related to, or filed in response to this exercise of his right to free speech. He further asserted in his motion to dismiss that CCEMS could not establish a prima facie case for each element of its declaratory judgment claim.

CCEMS moved for leave to depose Dolcefino, asserting that a deposition was necessary for it to establish that a commercial speech exemption applied to the claims. Dolcefino responded that CCEMS should not be permitted to conduct its discovery prior to the hearing on his motion to dismiss. The trial court never ruled on CCEMS's discovery motion.

6

CCEMS also opposed Dolcefino's motion to dismiss on the merits. It asserted that the TCPA does not apply to its declaratory judgment suit; that, in making his document requests, Dolcefino did not assert a right to free speech, but a legal right; and that the commercial speech exemption of the TCPA applied to Dolcefino's communications and activities. CCEMS also asserted that it had met its burden to establish by clear and specific evidence each element of its declaratory judgment claims and that Dolcefino's motion to dismiss was frivolous and solely intended for delay.

The trial court did not rule on Dolcefino's motion to dismiss within the time allotted by the TCPA, and, thus, the motion was denied by operation of law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(a) (providing that trial court must rule on motion "not later than the 30th day following the date of the hearing on the motion"); *id.* § 27.008(a) ("If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal.").

## Right to Dismissal Under the TCPA

Dolcefino argues that the trial court erred in allowing his motion to dismiss pursuant to the TCPA to be overruled by operation of law.

7

## A.    Standard of Review

The purpose of the TCPA, as stated in Civil Practice and Remedies Code chapter 27, "is to 'encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury.'" *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 27.002). The Legislature has instructed that the TCPA "shall be construed liberally to effectuate its purpose and intent fully." *Id.* (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 27.011(b)).

The TCPA's primary vehicle for accomplishing its stated purpose is a motion-to-dismiss procedure that allows defendants who claim that a plaintiff has filed a meritless suit in response to the defendant's proper exercise of a constitutionally protected right to seek dismissal of the underlying action, attorneys' fees, and sanctions at an early stage in the litigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a); *Levatino v. Apple Tree Café Touring, Inc.*, 486 S.W.3d 724, 727 (Tex. App.—Dallas 2016, pet. denied).   Section 27.003 provides:

> (a) If a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action.

8

(b) A motion to dismiss a legal action under this section must be filed not later than the 60th day after the date of service of the legal action. The court may extend the time to file a motion under this section on a showing of good cause.

TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a)–(b). Here, Dolcefino claims that CCEMS's declaratory judgment suit was filed in retaliation for his requests for documents under the Nonprofit Corporation Act and thus improperly seeks to restrain his right to free speech.

Courts use a "two-step procedure to expedite the dismissal of claims brought to intimidate or to silence a defendant's exercise of these First Amendment rights." *Coleman*, 512 S.W.3d at 898 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.003 and *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015) (orig. proceeding)). First, the defendant moving for dismissal of a suit pursuant to the TCPA must show by a preponderance of evidence that the suit he is seeking to dismiss "is based on, relates to, or is in response to the [movant's] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b); *Coleman*, 512 S.W.3d at 898. Thus, here, Dolcefino must make an initial showing that CCEMS's declaratory judgment suit seeking judicial construction of section 22.353 of the Nonprofit Corporation Act—to determine whether it must produce the documents demanded by Dolcefino—is based on, relates to, or is in response to Dolcefino's exercise of his constitutional

right to engage in free speech by filing document requests and accessing CCEMS's financial records.

The TCPA defines "exercise of the right of free speech" as "a communication made in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(3); *Coleman*, 512 S.W.3d at 898. A "'[c]ommunication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(1); *Coleman*, 512 S.W.3d at 898. A "'[m]atter of public concern' includes an issue related to: (A) health or safety; (B) environmental, economic, or community well-being; (C) the government; (D) a public official or public figure; or (E) a good, product, or service in the marketplace." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(7); *Coleman*, 512 S.W.3d at 899; *see also Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015) (holding that "the plain language of [the TCPA] merely limits its scope to communications involving a public subject—not communications in a public form"). And the TCPA defines "[l]egal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6).

The court must dismiss the legal action against the party moving to dismiss under the TCPA if the moving party shows by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the moving party's exercise of (1) the right of free speech; (2) the right to petition; or (3) the right of association. *Id.* § 27.005(b); *see Coleman*, 512 S.W.3d 898–99. The court may *not* dismiss the underlying action—here CCEMS's declaratory judgment action—"if the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question"—here, the elements of a declaratory judgment action. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c); *see Coleman*, 512 S.W.3d at 899. Notwithstanding the plaintiff's ability to make a prima facie case on each element of its claim, the trial court shall also dismiss the underlying legal action "if the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d); *Coleman*, 512 S.W.3d at 899. "The court must rule on a motion [to dismiss under the TCPA] not later than the 30th day following the date of the hearing on the motion." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(a).

We review de novo the denial of a TCPA motion to dismiss. *Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *see also Avila v. Larrea*, 394

11

S.W.3d 646, 652–53, 656 (Tex. App.—Dallas 2012, pet. denied) (applying de novo standard to motion to dismiss denied by operation of law). In determining whether to grant or deny a motion to dismiss, the court must consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based. TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a). We view the evidence in the light most favorable to the nonmovant. *Cheniere Energy, Inc. v. Lotfi*, 449 S.W.3d 210, 214 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

**B.     Applicability of the TCPA to CCEMS's claims**

Dolcefino bore the initial burden of showing by a preponderance of the evidence that the TCPA applied to CCEMS's claim, i.e., that CCEMS's declaratory judgment act claims were "based on, relate[d] to, or [were] in response to [Dolcefino's] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b); *Coleman*, 512 S.W.3d at 898.

Dolcefino argues that he met this burden because CCEMS's legal action is based on, relates to, or is in response to his exercise of free speech rights in making written requests for information under Business Organizations Code section

12

22.353.[2] CCEMS argues, on the other hand, that the TCPA does not apply to its declaratory judgment act claims here. We agree with CCEMS.

CCEMS's pleadings sought a declaration from the trial court concerning its *own* conduct, i.e., what its duties and obligations were upon its receipt of requests for information made pursuant to Business Organizations Code section 22.353. The relief sought by CCEMS did not seek to prohibit any conduct or speech by Dolcefino. CCEMS did not allege that Dolcefino's requests contained any tortious communications, nor did it seek any damages related to Dolcefino's requests. Thus, the trial court reasonably could have determined that CCEMS's suit is "based on, relates to, or is in response to" the triggering of its own duties or obligations to comply with Business Organizations Code section 22.353—a subject-matter that does not fall within the TCPA's purview. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a) ("If a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action."); *id.* § 27.005(b) ("[A] court shall dismiss a legal action against the moving party if the moving party shows by a preponderance of the evidence that the legal action is

---

[2] Dolcefino also discusses his requests for information under the Texas Public Information Act and his filing of a formal complaint against CCEMS with the Harris County District Attorney's office as exercises of his right of free speech. However, CCEMS sought declaratory judgment only as it relates to requests for information under Business Organizations Code section 22.353, so we limit our analysis to those requests.

based on, relates to, or is in response to the party's exercise of: (1) the right of free speech. . . .").

Dolcefino argues that CCEMS's filing of the underlying lawsuit was made in response to his request for documents, citing the short period of time between the request and the filing of the suit—Dolcefino requested the Invoices in September 2016, and CCEMS filed the underlying suit less than two weeks later. However, in the absence of some evidence of retaliation that was credited by the trial court, CCEMS's suit relates to Dolcefino's requests only insofar as the requests operated to trigger CCEMS's duties under the Nonprofit Corporation Act. *Cf. State Fair v. Riggs & Ray, P.C.*, No. 05-15-00973-CV, 2016 WL 4131824, at *5 (Tex. App.—Dallas Aug. 2, 2016, no pet.) (mem. op.) (holding same in context of argument of absolute privilege protecting request for information made under Texas Public Information Act).

Our conclusion that the trial court was justified in concluding that CCEMS's suit for declaratory judgment falls outside the scope of the TCPA is supported by the plain language of the TCPA. The express purpose of the TCPA "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE

14

ANN. § 27.002. Nothing in CCEMS's petition here seeks to directly limit Dolcefino's right to speak freely or to otherwise participate in government to the maximum extent permitted by law. And to interpret the TCPA as essentially forbidding CCEMS from seeking a declaration of its duties and obligations under the Texas Nonprofit Corporation Act would likewise undermine the clear directive that the TCPA "does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions," such as the Declaratory Judgment Act. *See id.* § 27.011.

CCEMS's pleadings demonstrate that its claim under the Uniform Declaratory Judgment Act ("UDJA") is the sort of lawsuit meant to be protected from dismissal under the TCPA and addresses a genuine controversy that can legitimately be resolved by the suit that CCEMS brought. *See id.* § 27.002 (providing that purpose of TCPA is to safeguard certain constitutional rights while also "protect[ing] the rights of a person to file meritorious lawsuits for demonstrable injury"); *see also Coleman*, 512 S.W.3d at 898 (holding that TCPA's "procedure to expedite the dismissal of claims brought to intimidate or to silence a defendant's exercise of First Amendment rights" was enacted to effectuate statute's purpose). The UDJA generally permits a person whose rights, status, or other legal relations are affected by a statute or contract to obtain a declaration of the rights, status, or other legal relations thereunder. TEX. CIV. PRAC. & REM. CODE

ANN. § 37.004(a) (West 2015). The purpose of the UDJA is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered." *Id.* § 37.002(b) (West 2015).

A declaratory judgment is appropriate when a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *City of Dallas v. VSC, LLC*, 347 S.W.3d 231, 240 (Tex. 2011) (citing *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995)). Based on the declaratory relief requested by CCEMS in its petition, it is apparent that a justiciable controversy exists as to the rights of the parties regarding the provision of certain financial documents to the public, and that dispute could be resolved by a declaration construing the relevant provisions of the Business Organizations Code as applied to CCEMS here.[3]

Dolcefino argues that the written requests that he filed here meet the TCPA's definition of "communications" and that CCEMS's declaratory judgment claims meet the statutory definition of a "legal action." But this argument ignores the statutory requirement that there be a connection between the claims in the lawsuit and the alleged protected conduct. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b) (providing that defendant is entitled to dismissal if he "shows by a

---

[3] Dolcefino provided some evidence regarding the Harris County District Attorney's prosecution of CCEMS.

preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of . . . the right of free speech" or other action protected by First Amendment).

Dolcefino based his motion to dismiss on his allegedly protected exercise of his right to free speech in submitting requests for disclosure of the Payroll Records and Invoices under Business Organizations Code section 22.353. However, CCEMS's pleadings raise the issue of whether it must comply with certain requests made under that section, implicating only the scope of its duty to respond to the request for information—not Dolcefino's right to file requests or otherwise speak on the issue of CCEMS's financial records. Dolcefino does not—and cannot—point to any provision of the TCPA creating a right for a TCPA movant to bypass the protections accorded by the UDJA to anyone whose own rights are affected by a statute—here, CCEMS's and its employees' rights to privacy and CCEMS's obligation to comply with document requests under the Nonprofit Corporation Act.

Accordingly, we conclude that the record supports the trial court's determination that Dolcefino failed to demonstrate by a preponderance of the evidence that CCEMS's declaratory judgment act claims were "based on, relate[d] to, or [were] in response to [Dolcefino's] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association," and, accordingly, the trial

court did not err in denying his motion to dismiss by operation of law. *See id.*; *Coleman*, 512 S.W.3d at 898.

Because we have concluded that the trial court appropriately found that the TCPA does not apply to CCEMS's declaratory judgment claims here, we need not address Dolcefino's remaining arguments regarding CCEMS's submission of prima facie proof of the essential elements of its claims, his arguments concerning the commercial speech exemption, or his own assertion that he had a valid defense to the declaratory judgment act claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b) (providing that moving defendant must show by preponderance of evidence that plaintiff's claim "is based on, relates to, or is in response to the [movant's] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association"); *Coleman*, 512 S.W.3d at 898 (discussing two-step analysis required by TCPA).

We likewise need not address CCEMS's issue in its cross-appeal that the trial court erred in denying its request for discovery under Civil Practice and Remedies Code section 27.006(b)[4] or Dolcefino's argument that we lack appellate jurisdiction over CCEMS's cross-appeal. We conclude that the TCPA does not

---

4    Civil Practice and Remedies Code section 27.006(b) permits, "[o]n a motion by a party . . . and on a showing of good cause, . . . specified and limited discovery relevant to the motion [to dismiss]." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(b) (West 2015).

apply here and affirm the trial court's denial of Dolcefino's motion by operation of law, so any discovery relevant to Dolcefino's motion is no longer necessary.

## Conclusion

We affirm the trial court's denial by operation of law of Dolcefino's motion to dismiss pursuant to the TCPA.

Evelyn V. Keyes
Justice

Panel consists of Chief Justice Radack and Justices Keyes and Massengale.