# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00650-CV

---

**Texas Right to Life and John Seago, Appellants**

**v.**

**Allison Van Stean; Planned Parenthood of Greater Texas Surgical Health; Planned Parenthood South Texas Surgical Center; Planned Parenthood Center for Choice; Bhavik Kumar, M.D; North Texas Equal Access Fund; Lilith Fund for Reproductive Equity, Inc.; The Afiya Center; Fund Texas Choice; West Fund; Frontera Fund; Clinic Access Support Network; The Bridge Collective; Monica Faulkner; Michelle Tuegel; Ghazaleh Moayedi, D.O.; and Jane Doe, Appellees**

---

**FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-21-004179, THE HONORABLE DAVID PEEPLES, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellants Texas Right to Life and John Seago (collectively, "Texas Right to Life") challenge the trial court's order denying their motion to dismiss filed under the current version of the Texas Citizens Participation Act (TCPA).[1]  *See generally* Tex. Civ. Prac. & Rem. Code §§ 27.001-.011.  In the underlying case, the Planned Parenthood and Van Stean appellees challenge the constitutionality of the Texas Heartbeat Act, also known as Senate Bill 8 or SB 8, and seek to

---

[1] The Texas Legislature amended the TCPA in its 2019 session, and the amendments took effect on September 1, 2019.  *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1-12, 2019 Tex. Gen. Laws (codified at Tex. Civ. Prac. & Rem. Code §§ 27.001-.010).  Because this suit was filed after the effective date of the amendments, all citations to the TCPA in this opinion refer to the amended statute.

enjoin Texas Right to Life from enforcing it.[2]  SB 8 prohibits a physician in Texas from providing

an abortion after the detection of cardiac activity within the gestational sac.  *See* Tex. Health &

Safety Code § 171.204(a); *see also id.* § 171.201(1), (3) (defining terms); *see generally id.*

§§ 171.201-.212.  Because we conclude that the TCPA does not apply to the Planned Parenthood

and Van Stean appellees' claims seeking declarations that SB 8 violates the Texas Constitution and

injunctive relief from SB 8's enforcement, we affirm.

**BACKGROUND**

In 2021, the Texas Legislature enacted SB 8, which added Subchapter H to

Chapter 171 of the Texas Health and Safety Code.  *See* Act of May 13, 2021, 87th Leg., R.S.,

ch. 62, 2021 Tex. Gen. Laws (codified at Tex. Health & Safety Code §§ 171.201-.212).  SB 8 took

effect on September 1, 2021.  As stated above, SB 8 prohibits abortion after the detection of cardiac

activity within the gestational sac.  Tex. Health & Safety Code § 171.204(a); *see also id.*

§ 171.201(1), (3) (defining terms).

SB 8 created a unique statutory enforcement scheme.  *See Whole Woman's Health*

*v. Jackson*, 141 S. Ct. 2494, 2496 (2021) (order denying injunctive relief) (Roberts, C.J.,

dissenting) (describing SB 8 as "statutory scheme" that "is not only unusual, but unprecedented").

It does not impose criminal sanctions or administrative penalties on those who violate the statute,

---

[2] The underlying multidistrict-litigation (MDL) proceeding consists of fourteen cases.  One case was filed by Planned Parenthood of Greater Texas Surgical Health; Planned Parenthood South Texas Surgical Center; Planned Parenthood Center for Choice; and Bhavik Kumar, M.D (collectively, "Planned Parenthood appellees").  Counsel for the other thirteen appellees (collectively, the "Van Stean appellees") filed separate suits for each of their clients. As explained below, the cases were ultimately transferred to a pretrial court for consolidated or coordinated proceedings.  *See* Tex. R. Jud. Admin. 13, *reprinted in* Tex. Gov't Code, tit. 2, subtit. F app. (establishing procedures for multidistrict litigation).

and it specifically prohibits state officials from enforcing the law. *See* Tex. Health & Safety Code § 171.207(a). Instead, SB 8 authorizes enforcement of the law only by private citizens through civil litigation. *Id.* § 171.208(a); *see also id.* § 171.207(a) ("[T]he requirements of this subchapter shall be enforced exclusively through the private civil actions described in Section 171.208."). Section 171.208 provides as follows:

> (a) Any person, other than an officer or employee of a state or local governmental entity in this state, may bring a civil action against any person who:
>
> (1) performs or induces an abortion in violation of this subchapter;
>
> (2) knowingly engages in conduct that aids or abets the performance or inducement of an abortion, including paying for or reimbursing the costs of an abortion through insurance or otherwise, if the abortion is performed or induced in violation of this subchapter, regardless of whether the person knew or should have known that the abortion would be performed or induced in violation of this subchapter; or
>
> (3) intends to engage in the conduct described by Subdivision (1) or (2).

*Id.* § 171.208(a). Section 171.208(b) establishes the relief that must be awarded to a successful private enforcer of the statute:

> (b) If a claimant prevails in an action brought under this section, the court shall award:
>
> (1) injunctive relief sufficient to prevent the defendant from violating this subchapter or engaging in acts that aid or abet violations of this subchapter;
>
> (2) statutory damages in an amount of not less than $10,000 for each abortion that the defendant performed or induced in violation of this subchapter, and for each abortion performed or induced in violation of this subchapter that the defendant aided or abetted; and
>
> (3) costs and attorney's fees.

*Id.* § 171.208(b).

In September 2021, fourteen lawsuits were filed against Texas Right to Life challenging the constitutionality of SB 8 and seeking declaratory and injunctive relief from it. *See generally* Tex. Civ. Prac. & Rem. Code §§ 37.001-.011 (Uniform Declaratory Judgments Act (UDJA)). One case was filed by the Planned Parenthood appellees; the other thirteen were filed by the Van Stean appellees, who are organizations and individuals involved in different aspects of providing abortions in Texas. In their petitions, all the appellees challenged the private civil enforcement scheme created by SB 8. The Van Stean appellees alleged that SB 8 "was purposefully and improperly designed to try to insulate it from any judicial review, usurping both the executive function by deputizing private citizens who oppose abortion to enforce the law (rather than public officials), and supplanting the judiciary's function by depriving citizens of avenues for challenging an unconstitutional law, based solely on the content of the claims they would bring."[3] *See Whole Woman's Health*, 141 S. Ct. at 2496 (Roberts, C.J., dissenting) ("The desired consequence appears to be to insulate the State from responsibility for implementing and enforcing the regulatory regime.").

Soon after the suits were filed, Texas Right to Life filed a motion with the judicial panel on multidistrict litigation ("MDL Panel") to transfer the fourteen cases to a pretrial court as allowed by Rule 13.3 of the Rules of Judicial Administration. In October 2021, the MDL Panel appointed the Honorable David Peeples to serve as the pretrial judge for the fourteen cases. In November 2021, the MDL court heard argument on Texas Right to Life's plea to the jurisdiction,

---

[3] The Planned Parenthood appellees similarly alleged that "[t]he transparent purpose of S.B. 8's enforcement scheme is to make it so that abortion providers and people who assist with abortions cannot sue government officials for an injunction to block the law's enforcement."

its TCPA motion to dismiss, and the Planned Parenthood and Van Stean appellees' summary-judgment motions. On December 9, 2021, the MDL court signed an order denying Texas Right to Life's plea to the jurisdiction and granting in part and denying in part the Planned Parenthood and Van Stean appellees' summary-judgment motions. Relevant to this appeal, the MDL court in the same order denied Texas Right to Life's TCPA motion to dismiss.

After summarizing the rulings made in its forty-eight-page order and identifying issues that remained pending, the MDL court stated its intent to sign an order of severance so that all the issues addressed in its order would be immediately appealable. However, Texas Right to Life filed its notice of appeal from the denial of its TCPA motion to dismiss almost immediately after the trial court's order was signed. Accordingly, this interlocutory appeal concerns only the MDL court's ruling on the TCPA motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(12) (authorizing interlocutory appeal of order denying motion to dismiss filed under Tex. Civ. Prac. & Rem. Code Section 27.003).

## ANALYSIS

### Standard of Review

We review de novo a trial court's ruling on a TCPA motion to dismiss, including whether each party has carried its respective burden under the TCPA. *See Long Canyon Phase II & III Homeowners Ass'n, Inc. v. Cashion*, 517 S.W.3d 212, 217 (Tex. App.—Austin 2017, no pet.) (stating that "[w]e review de novo whether each party carried its assigned burden"); *see also Dolcefino v. Cypress Creek EMS*, 540 S.W.3d 194, 199 (Tex. App.—Houston [1st Dist.] 2017, no pet.) ("We review de novo the denial of a TCPA motion to dismiss."). To determine whether the dismissal of a legal action is warranted, we "consider the pleadings, evidence a court could

5

consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code § 27.006(a). "The basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017). We review the pleadings and evidence in the light most favorable to the nonmovant. *Warner Bros. Entm't, Inc. v. Jones*, 538 S.W.3d 781, 801 (Tex. App.—Austin 2017), *aff'd*, 611 S.W.3d 1 (Tex. 2020). Whether the TCPA applies is an issue of statutory interpretation that we also review de novo. *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018).

**TCPA's Purpose and Framework**

The TCPA's purpose "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code § 27.002; *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017). The Texas Legislature has mandated that the TCPA "shall be construed liberally to effectuate its purpose and intent fully." Tex. Civ. Prac. & Rem. Code § 27.011(b). To accomplish the statute's purpose, the Legislature established "a motion-to-dismiss procedure that allows defendants who claim that a plaintiff has filed a meritless suit in response to the defendant's proper exercise of a constitutionally protected right to seek dismissal of the underlying action, attorneys' fees, and sanctions at an early stage in the litigation." *Dolcefino*, 540 S.W.3d at 198 (citing Tex. Civ. Prac. & Rem. Code § 27.003(a); *Levatino v. Apple Tree Cafe Touring, Inc.*, 486 S.W.3d 724, 727 (Tex. App.—Dallas 2016, pet. denied)).

6

Our review of a trial court's ruling on a TCPA motion to dismiss requires a three-step analysis. *Youngkin*, 546 S.W.3d at 679 (describing three-step analysis under prior version of TCPA). As a threshold matter, the movant must demonstrate that the TCPA properly applies to the legal action against it. Tex. Civ. Prac. & Rem. Code § 27.005(b) (requiring movant to demonstrate that legal action "is based on or is in response to" its exercise of protected rights); *see also Lilith Fund for Reprod. Equity v. Dickson*, 662 S.W.3d 355, 363 (Tex. 2023). If the movant meets that burden, the nonmovant must establish by clear and specific evidence a prima facie case for each essential element of its claim. Tex. Civ. Prac. & Rem. Code § 27.005(c). If the nonmovant satisfies that requirement, the burden shifts back to the movant to establish "an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law. *Id.* § 27.005(d).

**Applicability of the TCPA to the Appellees' Claims**

Texas Right to Life challenges the MDL court's denial of its TCPA motion in five issues, four of which concern whether the Planned Parenthood and Van Stean appellees satisfied their burden under the second step of the TCPA analysis. We do not reach those issues because the dispositive issue here is the applicability of the TCPA, the first step of the analysis.

Texas Right to Life bore the initial burden of demonstrating that the TCPA applied to the Planned Parenthood and Van Stean appellees' claims—that is, that the appellees' claims for declaratory and injunctive relief were "based on or . . . in response to . . . [the movants'] exercise of : (A) the right of free speech; (B) the right to petition; or (C) the right of association . . . ." Tex. Civ. Prac. & Rem. Code § 27.005(b); *Lilith Fund*, 662 S.W.3d at 363.

Texas Right to Life contends that it satisfied this burden because the Planned Parenthood and Van Stean appellees' legal action is based on or in response to its exercise of all

7

three rights. Texas Right to Life asserts that the appellees' legal action is "'based on' and 'in response to' [Texas Right to Life's] publication of a website that describes SB 8 and invites members of the public to submit evidence of statutory violations." Texas Right to Life argues that "the publication of a website that truthfully relates the content of SB 8 and encourages the public to submit evidence of wrongdoing" is an activity that is covered by the TCPA's broad definitions of the "exercise of the right of free speech," the "exercise of the right of petition," and the "exercise of the right of association." *See id.* §§ 27.001(3) (defining "exercise of the right of free speech"), .001(7)(C) (defining "matter of public concern"), .001(4) (defining "exercise of the right of petition"), .001(2) (defining "exercise of the right of association").

Specifically, Texas Right to Life urges that abortion and SB 8 are matters of public concern and that their efforts to provide the public with information about SB 8 and to solicit information from others about potential violations are "constitutionally protected communications." *See* Tex. Civ. Prac. & Rem. Code §27.001(7)(B), (C) (defining "[m]atter of public concern" as "(B) a matter of political, social, or other interest to the community; or (C) a subject of concern to the public"). It argues that the Planned Parenthood and Van Stean appellees sued it "in response to speech 'made in connection' with these matters of public concern." *See id.* § 27.001(3) (establishing that "'[e]xercise of the right of free speech' means a communication made in connection with a matter of public concern"). Texas Right to Life contends that its communications also fall within the statutory definition of the exercise of the right to petition because its "efforts to 'publiciz[e] the availability of private enforcement lawsuits under SB8' [as alleged by the appellees in their petition] are communications that are 'reasonably likely to encourage consideration or review of an issue by a . . . judicial, or other governmental body,'" *see id.* § 27.001(4)(C), and are also "reasonably likely to enlist public participation in an effort to effect

8

consideration of an issue by a . . . judicial, or other governmental body," *see id.* § 27.001(4)(D).  It further asserts that its joint conduct and expression as an organization of individuals and the organization's employee "who have 'joined together' to collectively promote the enforcement of Texas's abortion laws, including Senate Bill 8, and who lobby for the enactment of such laws," constitutes an "exercise of the right of association," as defined by the TCPA, and that the Planned Parenthood and Van Stean appellees' lawsuits "are in direct response to this joint conduct and expression."  *See id.* § 27.001(2) (establishing that "'exercise of the right of association' means to join together to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding or a matter of public concern").

The Planned Parenthood and Van Stean appellees, on the other hand, assert that the TCPA does not apply to their claims.  They contend that Texas Right to Life misconstrues the appellees' pleadings by characterizing them as seeking to inhibit Texas Right to Life and Seago's joint efforts to publicize SB 8, to operate a website that provides information about SB 8, and to support legislation such as SB 8.  The appellees argue that their suits were filed to challenge the constitutionality of SB 8 and to enjoin Texas Right to Life from enforcing an unconstitutional statute, not to stop Texas Right to Life from any lawful activity that is protected by the TCPA.  They assert that even if speech or political opinions are incidentally involved in the underlying factual allegations in their petitions, "the TCPA offers no protection for an unlawful scheme to deprive others of their constitutional rights."

We agree that Texas Right to Life failed to satisfy its initial burden of demonstrating that the TCPA applies.  Although the Planned Parenthood and Van Stean appellees' pleadings refer to Texas Right to Life's publication of a website that publicizes SB 8 and encourages members of the public to submit evidence of violations of SB 8 as factual background, the declarations and

9

injunctive relief that the appellees seek do not implicate Texas Right to Life's exercise of the rights protected by the TCPA. *See Choudhri v. Lee*, No. 01-20-00098-CV, 2020 WL 4689204, at *3 (Tex. App.—Houston [1st Dist.] Aug. 13, 2020, pet. denied) (mem. op.). The appellees seek declarations that SB 8 violates the Texas Constitution and that their own conduct cannot be the basis for liability under that statute. *See Dolcefino*, 540 S.W.3d at 200 (holding that TCPA did not apply to claim for declaratory relief concerning nonmovant's own conduct, when nonmovant only sought judgment clarifying its duties and obligations in response to statutory request for information and did not seek to prohibit any conduct or speech by movant). The only conduct of Texas Right to Life that the appellees seek to permanently enjoin is any efforts to enforce SB 8 against them *if* SB 8 is declared unconstitutional.[4] *See Choudhri*, 2020 WL 4689204, at *3 (holding that TCPA did not apply to claim seeking declaration of effect of parties' prior arbitration agreement on ongoing litigation and noting that nonmovant did not seek to prohibit movant from petitioning courts). In other words, nothing in the appellees' petition seeks to directly limit Texas Right to Life's "constitutional rights. . . to petition, speak freely, associate freely, and otherwise participate in government *to the maximum extent permitted by law*." Tex. Civ. Prac. & Rem. Code § 27.002 (emphasis added).

Viewing the Planned Parenthood and Van Stean appellees' pleadings in the light most favorable to them, as we are required to do, we conclude that the trial court correctly determined that the appellees' claims are not based on or in response to Texas Right to Life's

---

[4] The Planned Parenthood appellees seek injunctive relief to restrain Texas Right to Life, "their agents, servants, employees, attorneys, and any persons in active concert or participation with them, from enforcing S.B. 8 in any way against Plaintiffs and staff." The Van Stean appellees that requested injunctive relief seek to restrain Texas Right to Life, its agents, and "any person or entity acting in concert with them, from instituting lawsuits against [them] pursuant to SB8."

exercise of its constitutional rights (as those rights are defined by the TCPA). *See Choudhri*, 2020 WL 4689204, at \*3. Taken in context and viewed as a whole, the Planned Parenthood and Van Stean appellees' claims are not based on or in response to Texas Right to Life's speech and conduct publicizing SB 8 and seeking citizen enforcement; their claims are based on and in response to the Legislature's enactment of SB 8. *See Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 897 (Tex. 2018) ("[T]he unique language of the TCPA directs courts to decide its applicability based on a holistic review of the pleadings."). They seek a determination of whether their own constitutional rights are violated by SB 8.

The plain language of the TCPA supports our conclusion that the trial court properly determined that the TCPA does not apply to the appellees' suit for declaratory and injunctive relief. As noted above, the TCPA's express purpose is not only "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law," but "at the same time, *[to] protect the rights of a person to file meritorious lawsuits for demonstrable injury*." Tex. Civ. Prac. & Rem. Code § 27.002 (emphasis added); *see also Dolcefino*, 540 S.W.3d at 200. In this case, because nothing in the Planned Parenthood and Van Stean appellees' petitions seeks to directly limit any of Texas Right to Life's protected rights or to preclude it from otherwise participating in government to the maximum extent permitted by law, interpreting the TCPA as essentially forbidding the appellees from seeking a declaration of the constitutionality of SB 8 would "undermine the [Legislature's] clear directive that the TCPA 'does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions,' such as the Declaratory Judgment Act." *Dolcefino*, 540 S.W.3d at 200-01 (quoting Tex. Civ. Prac. & Rem. Code § 27.011).

11

Like the nonmovant in *Dolcefino*, the Planned Parenthood and Van Stean appellees seek relief under the UDJA, and their pleadings demonstrate that their suit "is the sort of lawsuit meant to be protected from dismissal under the TCPA." *Id.* at 201. "The UDJA generally permits a person whose rights, status, or other legal relations are affected by a statute or contract to obtain a declaration of the rights, status, or other legal relations thereunder." *Id.* (citing Tex. Civ. Prac. & Rem. Code § 37.004(a)). The UDJA's purpose is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered." Tex. Civ. Prac. & Rem. Code § 37.002(b).

Texas Right to Life argues that the MDL court erred by concluding that the Planned Parenthood and Van Stean appellees' legal actions were not "based on" or "in response to" Texas Right to Life's exercise of the rights protected by the TCPA.[5] It contends that "the relevant question is whether the content of [Texas Right to Life's] website falls within the statutory definitions provided in [S]ections 27.001(2)-(4)." Again similarly to the movant in *Dolcefino*, Texas Right to Life's "argument ignores the statutory requirement that there be a connection between the claims in the lawsuit and the alleged protected conduct." *Dolcefino*, 540 S.W.3d at

---

[5] Texas Right to Life also complains about the MDL court's wording in the order when it stated that "[i]t is clear that these cases are not 'based on' and do not 'respond to' [Texas Right to Life's] exercise of [its] First Amendment rights—[the appellees] have not sued [it] for that," and later in the order, that "there is no First Amendment right to encourage persons in Texas and across the United States to file suits to take money from other persons *by using an unconstitutional civil procedure*." Texas Right to Life contends that this language means that the district court did not consider the statutory definitions for the rights protected by the TCPA. We disagree. We note that our review of the MDL court's decision is de novo. Moreover, the MDL court cited Section 27.002 of the TCPA, which lists the "constitutional rights" that the statute purports to protect, as well as the Texas Supreme Court's opinion in *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015) (orig. proceeding), which also referred to the TCPA-protected rights as "First Amendment rights." There is no indication in the MDL court's opinion that it limited its analysis to anything less than the statutorily defined rights.

201 (citing prior version of TCPA Section 27.005(b)). As explained above, the relevant question is not whether the content of Texas Right to Life's website (and its conduct) satisfied the statutory definitions of the exercise of protected rights, it is whether the Planned Parenthood and Van Stean appellees sought relief that was based on or in response to Texas Right to Life's exercise of protected rights. Here, we conclude that Texas Right to Life has failed to draw a connection between its exercise of protected rights and the appellees' claims that is adequate to invoke the TCPA, especially given the Legislature's 2019 amendment to Section 27.005(b). *See Union Pac. R.R. v. Chenier*, 649 S.W.3d 440, 449 (Tex. App.—Houston [1st Dist.] 2022, pet. denied) (concluding that Legislature's removal of words "relate to" from Section 27.005(b) evinced its intention to limit TCPA's reach (citing *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam) ("We presume . . . that words not included were purposefully omitted.")); *see also Dolcefino*, 540 S.W.3d at 201. The TCPA's protections of Texas Right to Life's speech and conduct only extend to protect its rights "to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law." *See* Tex. Civ. Prac. & Rem. Code § 27.002. The TCPA does not allow Texas Right to Life "to bypass the protections accorded by the UDJA to anyone whose own rights are affected by a statute," like the appellees here who assert that they have rights that are affected by SB 8. *Dolcefino*, 540 S.W.3d at 201-02. We overrule Texas Right to Life's first issue.

Because we have concluded that the MDL court correctly decided that the TCPA does not apply to the Planned Parenthood and Van Stean appellees' claims, we need not address Texas Right to Life's remaining issues that concern whether the appellees produced clear and

specific evidence of a prima facie case of each element of their claims.[6] *See id.* at 202 (citing prior version of Tex. Civ. Prac. & Rem. Code Section 27.005(b); *Coleman*, 512 S.W.3d at 898 (discussing multi-step TCPA analysis)).

**CONCLUSION**

Because the TCPA does not apply to the Planned Parenthood and Van Stean appellees' claims, we affirm the trial court's denial of Texas Right to Life's motion to dismiss.

_____

Gisela D. Triana, Justice

Before Justices Baker, Triana, and Theofanis

Affirmed

Filed:   May 26, 2023

---

[6] After the United States Supreme Court issued its opinion in *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022), overruling *Roe v. Wade*, 410 U.S. 113 (1973), and its progeny, Texas Right to Life filed a suggestion of mootness, which we construe as a motion to dismiss. The Supreme Court's opinion in *Dobbs* had no effect on the Planned Parenthood and Van Stean appellees' claims for declaratory and injunctive relief from the civil enforcement scheme contained in SB 8. As the MDL court stated in its order, "*[T]his case is not about abortion; it is about civil procedure. It is about whether SB 8's civil procedures are constitutional.*" We deny Texas Right to Life's motion to dismiss the Planned Parenthood and Van Stean appellees' cases.