COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



JAMES MICHAEL MCCOY, Individually §
and in His Capacity as Trustee of AUBREY
ROSE MCCOY and LEXI BREE MCCOY, §

§     No. 08-23-00119-CV

Appellant, §

§     Appeal from

v. §

§     Probate Court No. 2

AUBREY ROSE MCCOY AND LEXI BREE §
MCCOY,     of Bexar County, Texas

§     (TC# 2005-PC-2368)

§
Appellees.

## MEMORANDUM OPINION

This interlocutory appeal under the Texas Citizens Participation Act (TCPA) involves a

dispute between James McCoy and his daughters, Aubrey and Lexi McCoy,[1] regarding his actions

while serving as co-trustee of each of their identical irrevocable trusts. Aubrey and Lexi sued James

for breach of fiduciary duty (among other things) because James maintained a claim for damages

against their mother, even after Aubrey and Lexi notified him of their opposition under section

113.028 of the Texas Trust Code.[2] James moved to dismiss that claim under the TCPA based on

---

[1] Because many of the individuals involved in this case share the same last name, we refer to them by their first name.

[2] This case was transferred from our sister court in Bexar County, Texas pursuant to the Texas Supreme Court's authority under Chapter 73 of the Government Code. *See* TEX. GOV'T CODE ANN. section 73. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* TEX. R. APP. P. 41.3.

his right to petition. Because we conclude the TCPA does not apply to claims brought by trust beneficiaries for violations of section 113.028 of the Texas Trust Code, we affirm.

## *Background*

In December 1999, James and Denise Rimkus McCoy created two identical irrevocable trusts for the "health, support, education, and maintenance" of their two children, Aubrey and Lexi. After the trusts' original trustee died in 2004, James and Denise became co-trustees of their daughters' trusts. Though James and Denise are now divorced, they have remained co-trustees.

In 2017, Aubrey and Lexi sued James for breach of fiduciary duty and sought his removal as co-trustee because he allegedly refused to make distributions for their living expenses, including rent, car payments, and tuition. After Aubrey and Lexi sought a temporary restraining order, the probate court authorized Denise to act as trustee without James's cooperation or agreement. Aubrey and Lexi then chose to nonsuit their claims against James in October 2020.

In April 2021, James made several withdrawals from Aubrey and Lexi's trust accounts totaling approximately $28,000.[3] James maintains these withdrawals are appropriate because he used the funds to reimburse his legal fees incurred in defending the 2017 suit, recoup advances he made to cover the trusts' administration expenses, and compensate himself for his services as trustee dating back to 2017—all actions for which he claims the trusts' terms authorize payment. However, in July 2021, Aubrey and Lexi again sued James for breach of fiduciary duty and breach of the trust agreement and sought his removal as co-trustee. James answered, generally denying all of his daughters' allegations, raising affirmative defenses, and seeking declaratory judgment regarding his rights under the trusts.

---

[3] He attempted to withdraw additional funds from Aubrey's trust, but Denise stopped the transfer before it was completed.

In his capacity as co-trustee, James also filed crossclaims against Denise for breach of her fiduciary duties and sought declaratory judgment regarding their rights under the trusts. James initially sought damages and other relief, including an accounting and Denise's removal as co-trustee. Denise challenged James's standing to assert those claims, and Aubrey and Lexi made clear their lack of support for James's suit through counsel.

In September 2022, Aubrey and Lexi filed a formal notice of opposition to James's claims against Denise subject to section 113.028 of the Trust Code. That provision provides:

> A trustee may not prosecute or assert a claim for damages in a cause of action against a party who is not a beneficiary of the trust if each beneficiary of the trust provides written notice to the trustee of the beneficiary's opposition to the trustee's prosecuting or asserting the claim in the cause of action.

TEX. PROP. CODE ANN. § 113.028(a).

Notwithstanding Aubrey and Lexi's opposition, James maintained his crossclaims for damages until November 4, 2022, when he amended his claims and withdrew his request for damages.

Aubrey and Lexi then amended their petition to add a breach of fiduciary duty claim against James for his filing of the crossclaim against Denise. Specifically, they alleged James breached his fiduciary duty by continuing the prosecution of the crossclaims which "caused damages to the trusts in the form of court costs and legal fees that deplete the value of [their] trusts."

James then moved to dismiss that newly added claim under the TCPA as purportedly infringing on his exercise of the constitutional right to petition. Aubrey and Lexi responded, contending that James had not met his burden to establish that their claim is based on or filed in response to his exercise of a protected right because there is no protected right of a trustee to violate section 113.028 of the Trust Code. They also argued even if the TCPA does apply, they established

3

a prima facie case for a section 113.028 violation or, alternatively, their claim is exempt from the TCPA.

The probate court held a hearing on James's TCPA motion to dismiss but did not rule on the motion within the thirty-day period following submission. The motion was thus overruled by operation of law. TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.005(a), .008(a). James appealed.

*Applicable Law and Standard of Review*

The TCPA "protects speech on matters of public concern by authorizing courts to conduct an early and expedited review of the legal merit of claims that seek to stifle speech through the imposition of civil liability and damages." *Lilith Fund for Reprod. Equity v. Dickson*, 662 S.W.3d 355, 363 (Tex. 2023). It "was designed to protect both a defendant's rights of speech, petition, and association and a claimant's right to pursue valid legal claims for injuries the defendant caused." *Montelongo v. Abrea*, 622 S.W.3d 290, 295 (Tex. 2021) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.002). If a legal action is "based on or is in response to" the exercise of one of the statutory enumerated rights, the defendant may seek dismissal under the TCPA. *Yu v. Koo*, 633 S.W.3d 712, 720 (Tex. App.—El Paso 2021, no pet.). While the TCPA is "construed liberally to effectuate its purpose and intent fully," it "does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions." TEX. CIV. PRAC. & REM. CODE ANN. § 27.011.

The TCPA provides a three-step process for dismissing a legal action to which it applies. *Montelongo*, 622 S.W.3d at 296 (citing *Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 691 (Tex. 2018) (per curiam)). First, the party seeking dismissal must show the TCPA applies—*i.e.*, "the movant must demonstrate that the non-movant's legal action 'is based on or is in response to a party's exercise of the right of free speech; right to petition; or right of association.'" *O'Rourke*

4

*v. Warren*, No. 03-22-00416-CV, 2023 WL 3914278, at *6 (Tex. App.—Austin June 9, 2023, pet. filed) (quoting TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.003(a), .005(b)). If the movant fails to meet this initial burden, the motion to dismiss fails. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). If the movant shows the TCPA applies, the nonmovant must then establish by "clear and specific evidence" a prima facie case for each essential element of its claims. *Id.* § 27.005(c). If the nonmovant does so, the burden then shifts back to the movant to establish "an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." *Id.* § 27.005(d).

We review a trial court's ruling on a TCPA motion to dismiss de novo. *Herrera v. Stahl*, 441 S.W.3d 739, 741 (Tex. App.—San Antonio 2014, no pet.). In determining whether dismissal under the TCPA is proper, courts consider "the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based." TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a). We consider the pleadings in the light most favorable to the nonmovant and do not "blindly accept[] a movant's attempts to characterize a nonmovant's claims as implicating protected expression"; instead, we "favor[] the conclusion that the claims are *not* predicated on protected expression." *Venero Lugo v. Cordova Sanchez*, No. 03-21-00058-CV, 2021 WL 5312323, at *4 (Tex. App.—Austin Nov. 12, 2021, pet. denied) (mem. op.) (emphasis added) (citing *Sloat v. Rathbun*, 513 S.W.3d 500, 504 (Tex. App.—Austin 2015, pet. dism'd)). Whether the TCPA applies to a claim is an issue of statutory interpretation we also review de novo. *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018).

***Analysis***

5

On appeal, James challenges the trial court's denial of his TCPA motion to dismiss. James first contends the TCPA applies to Aubrey and Lexi's section 113.028 claim because it is a cause of action expressly based on and filed in response to his crossclaims against Denise. He also argues the TCPA's fraud exemption does not apply, and Aubrey and Lexi failed to establish a prima facie case for each element of their claim. James thus asks us to dismiss Aubrey and Lexi's section 113.028 claim and award him fees and costs under the TCPA.

Aubrey and Lexi respond that James has not met his burden to establish that the TCPA applies to section 113.028 claims. They contend it does not, citing to the TCPA's language that it does not abrogate the application of other statutory rights and maintaining that the legislature passed the TCPA with full knowledge of and no intent to abrogate that portion of the Trust Code. Alternatively, Aubrey and Lexi argue they have established a prima facie case for a section 113.028 claim, and because their claim is based on a common law fraud claim, it is exempt from the TCPA.

To establish that the TCPA applies, James must show that Aubrey and Lexi's new claim "is based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association[.]" TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a). At issue here is only his right to petition. We agree with Aubrey and Lexi that the TCPA does not apply here.

Though the right to petition is protected under the TCPA, it is protected only "to the maximum extent permitted by law[.]" *Id.* § 27.002; *Sullivan v. Tex. Ethics Comm'n*, 551 S.W.3d 848, 853–54 (Tex. App.—Austin 2018, pet. denied) ("[T]he act does not protect the *unfettered* constitutional rights of free speech and to petition but, rather, expressly protects those rights only '*to the maximum extent permitted by law.*'"). Section 113.028 of the Trust Code acts as a limitation on those rights by defining permissible litigation conduct by

6

trustees. According to Aubrey and Lexi's allegations, James exceeded the "maximum extent" of his permissible right to petition by pursuing a claim for damages against Denise, who is not a beneficiary to their trusts, in his capacity as co-trustee, even after Aubrey and Lexi provided James with written notice of their opposition. *See Sullivan*, 551 S.W.3d at 854 (discussing the lobbyist-registration statute's restriction on First Amendment rights in TCPA context). Indeed, by agreeing to serve as co-trustee to Aubrey and Lexi's trusts, James agreed to limit his normally unrestricted constitutional right to petition. *See Howard v. Matterhorn Energy, LLC*, 628 S.W.3d 319, 331 (Tex. App.—Texarkana 2021, no pet.) (concluding movant contractually restricted their right to petition by agreeing to provision in lease agreement); *see also Retzlaff v. Klein*, No. 04-16-00675-CV, 2017 WL 3270368, at *5 (Tex. App.—San Antonio Aug. 2, 2017, pet. denied) (mem. op.) (concluding movant's right to petition was limited by order declaring him vexatious litigant). Nothing in Aubrey and Lexi's petition seeks to directly limit James's right to petition to the maximum extent permitted by law. *See Wayne Dolcefino & Dolcefino Communications, LLC v. Cypress Creek EMS*, 540 S.W.3d 194, 200 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

To interpret the TCPA otherwise would frustrate the purpose of section 113.028 of the Trust Code and undermine the TCPA's "clear directive" that it "does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions." *Id.* at 200–01 (quoting Tex. Civ. Prac. & Rem. Code Ann. § 27.011). We presume the legislature enacted a statute with complete knowledge of the existing law and with reference to it. *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990). When the legislature enacts a statute covering a subject addressed by an older law but does not repeal that law, the two statutes should "be harmonized whenever possible . . . in such a manner as to give effect to both." *Id.* However, "[i]f the two statutes cannot be harmonized, the more

7

specific statutory provision prevails over the general one." *Sullivan*, 551 S.W.3d at 855 (citing *Texas Indus. Energy Consumers v. CenterPoint Energy Hous. Elec., LLC*, 324 S.W.3d 95, 107 (Tex. 2010); *Texas Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 637 (Tex. 2010)).

Section 113.028 of the Trust Code predates the TCPA and expressly provides that a trustee may not maintain a claim for damages against a non-beneficiary of that trust if the trust beneficiary provides written notice of her opposition. In light of that specific limitation on a trustee's petitioning rights, we presume the legislature did not intend to undermine or override section 113.028 by passing the TCPA but instead passed the TCPA with full knowledge of the Trust Code and the limitations it imposes on trustees. This conclusion is consistent with that of courts interpreting the TCPA alongside other statutory schemes. *See Bovee v. Heinz N. Am. Div. of J.H. Heinz Co., L.P.*, No. 03-19-00769-CV, 2020 WL 5884193, at *6 (Tex. App.—Austin Sept. 30, 2020, no pet.) (mem. op.) ("Nothing in the text of the TCPA indicates a legislative intention to preemptively override the requirements and protections of an answer as set forth in the rules of civil procedure."); *Patel v. Patel*, No. 14-18-00771-CV, 2020 WL 2120313, at *6 (Tex. App.—Houston [14th Dist.] May 5, 2020, no pet.) (mem. op.) (concluding provisions in Texas Rules of Civil Procedure and Texas Civil Practice and Remedies Code were not abrogated by TCPA); *Sullivan*, 551 S.W.3d at 855–56 (holding TCPA did not apply to administrative appeals under the lobbyist-registration statute); *Cypress Creek EMS*, 540 S.W.3d at 200–01 (concluding TCPA did not apply in case where non-movant sought a declaration of its duties and obligations under the Texas Nonprofit Corporation Act through a Declaratory Judgment Act claim); *cf. Reeves v. Harbor Am. Cent., Inc.*, 631 S.W.3d 299, 306 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (deciding TCPA did apply to trade secret and non-compete claims when movant did not point to

8

any language in TCPA that would "categorically preclude[] its ability to seek and procure injunctive relief under a different statutory scheme").

James did not carry his burden to show the TCPA applies to Aubrey and Lexi's section 113.028 claim. Because we conclude the TCPA does not apply, we do not reach the parties' remaining arguments which address the following steps in the TCPA analysis. James's sole issue on appeal is overruled.

## CONCLUSION

For the above reasons, we affirm the denial of James's motion to dismiss Aubrey and Lexi's section 113.028 claim under the TCPA.

YVONNE T. RODRIGUEZ, Chief Justice

August 25, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.