**Opinion issued November 16, 2023**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00187-CV

_____

**DASEAN A. JONES, Appellant**

**V.**

**TAMI C. PIERCE, Appellee**

On Appeal from the 165th District Court
Harris County, Texas
Trial Court Case No. 2023-00841

## MEMORANDUM OPINION

Appellant DaSean A. Jones takes this interlocutory appeal from the denial of his motion to dismiss appellee Tami C. Pierce's lawsuit pursuant to the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE § 27.001–.011; *see also* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12) (authorizing

interlocutory appeal from order denying TCPA motion to dismiss). In two issues, Jones contends that the trial court erred in (1) denying his TCPA motion, and (2) awarding attorney's fees and costs to Pierce. We affirm.

**Background**

This suit arises from the November 2022 general election in Harris County, Texas. Pierce, the Republican candidate, ran against Jones, the Democratic incumbent, for judge of the 180th District Court. After Jones prevailed, Pierce filed an election contest pursuant to Texas Election Code section 221.003.[1] Pierce claimed that Jones's victory was "not the true outcome" because election officials (1) counted illegal votes, (2) prevented eligible voters from voting, (3) failed to count legal votes, or (4) engaged in other fraud or illegal conduct or made a mistake. *See* TEX. ELEC. CODE § 221.003(a).

Jones filed a combined general denial and motion to dismiss Pierce's lawsuit under the TCPA. Jones also asserted "objections" to the suit, including that Pierce failed to comply with provisions of the Election Code requiring notice of the suit to the Secretary of State and the canvas authority, and failed to include the Elections

---

[1] Per the Texas Election Code, Jones was the only proper party to be named in Pierce's suit. *See* TEX. ELEC. CODE § 232.003(a)(1), (c) (stating that in contested election "for which only one person is to be . . . elected, the contestee is . . . the opposing candidate who is officially determined to be . . . elected" and that "this section is exclusive as to the persons who may be named contestee in an election contest").

Administrator as a necessary party in the suit.[2] Jones's TCPA motion argued that Pierce's suit was "based on, relates to, or [was] in response to"[3] Jones's exercise of his rights of association and free speech, "specifically, his pursuit of the 180th Judicial District Court bench." Jones's motion also argued that Pierce had failed to present a prima facie case as to all elements of her claim. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(c).

In her response to the TCPA motion, Pierce argued that nothing about her lawsuit limited Jones's right to speak freely or otherwise participate in government. She claimed the suit was not based on or in response to his candidacy, application, or running for office and did not challenge his right to appear on the ballot in the November 2022 election. Further, Pierce argued that her suit did not challenge Jones's right to be a candidate in a new election should she prevail in the election contest. Pierce also pointed to language in the TCPA stating that the Act "does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions." *Id.* § 27.011(a). Pierce argued that this language preserved her remedies under the Election Code. Pierce also claimed that Jones had failed to establish any affirmative

---

[2]     Jones does not raise these issues on appeal.

[3]     As discussed further herein, the 2019 amendments to the TCPA modified this standard by removing the "relates to" language.

3

defenses to the election contest, and that she had made a prima facie case as to each element of her claim. *See id.* § 27.005(c), (d). Lastly, Pierce sought attorney's fees and costs, arguing that Jones's TCPA motion was (1) frivolous because it cited and relied on outdated language from the prior version of the Act, and (2) solely intended to delay because the motion resulted in a stay of discovery and generally kept the case from progressing. *See id.* § 27.009(b).

The trial court held a hearing on the TCPA motion on February 16, 2023. On February 23, 2023, the trial court denied the TCPA motion and awarded fees and costs to Pierce in an amount to be determined following trial. This interlocutory appeal followed.

## Denial of the TCPA Motion

In his first issue, Jones challenges the trial court's denial of his TCPA motion. Jones argues that the "sole reason" for Pierce's lawsuit against him "is because he was on the ballot as the incumbent and the Democratic nominee," and he was "on the ballot because of the three actions he took in furtherance of his campaign which are protected speech and freedom of association." Specifically, Jones points to: (1) his application to become the Democratic nominee, (2) payment of a $2,500.00 filing fee, and (3) an 85-page petition of individuals supporting his candidacy.

4

## A. The TCPA and its 2019 Amendments

The purpose of the TCPA is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *Id.* § 27.002. The statute provides this protection by authorizing a motion to dismiss early in the covered proceedings, subject to expedited interlocutory review. *McLane Champions, LLC v. Hous. Baseball Partners LLC*, 671 S.W.3d 907, 914 (Tex. 2023) (citing TEX. CIV. PRAC. & REM. CODE §§ 27.003, .008).

The Legislature enacted the TCPA in 2011. *See* Citizens Participation Act, 82nd Leg., R.S., ch. 341, § 3, 2011 Tex. Gen. Laws 961. This court discussed the short history of the TCPA in *ML Dev, LP v. Ross Dress for Less, Inc.*, noting that the potential for summary dismissal with fees appealed to "all types of defendants facing all kinds of legal claims" and as a result, "[a] TCPA docket quickly developed with defendants (and, increasingly, plaintiffs) making novel arguments about how the TCPA might support the dismissal of unwanted claims and procedural actions." 649 S.W.3d 623, 626–27 (Tex. App.—Houston [1st Dist.] 2022, pet. denied); *see also Neyland v. Thompson*, No. 03-13-00643-CV, 2015 WL 1612155, at *12 (Tex. App.—Austin Apr. 7, 2015, no pet.) (mem. op.) (Field, J., concurring) ("It seems that any skilled litigator could figure out a way to file a motion to dismiss under the

5

TCPA in nearly every case, in the hope that the case will not only be dismissed, but that the movant will also be awarded attorneys' fees.").

Subsequently, the Legislature amended the TCPA in 2019. *See* Act eff. Sept. 1, 2019, 86th Leg., R.S., ch. 378, 2019 Tex. Gen. Laws 684. Significantly, the amendments narrowed the categories of potential connections between a claim and the exercise of a protected right that would entitle a movant to dismissal. *See ML Dev, LP*, 649 S.W.3d at 626. Under the original version of the TCPA, the movant had to prove that the claim against it is "based on, relates to, or is in response to" the movant's exercise of a protected right. TEX. CIV. PRAC. & REM. CODE § 27.005(b) (old version). As we noted in *ML Dev, LP*, "relates to" was the broadest of the three permissible connections and "brought tangential communications within the TCPA's reach." 649 S.W.3d at 626 (citing *Cavin v. Abbott*, 545 S.W.3d 47, 69 n.85 (Tex. App.—Austin 2017, no pet.) (interpreting "relates to" as merely denoting "some sort of connection, reference, or relationship"); *Robert B. James, DDS, Inc. v. Elkins*, 553 S.W.3d 596, 604 (Tex. App.—San Antonio 2018, pet. denied) (interpreting "relates to" as broad qualifier)).

By deleting this "relates to" language, the 2019 amendments now require TCPA movants to demonstrate that the legal actions they challenge are "based on" or "in response to" their exercise of a protected right. *See ML Dev, LP*, 649 S.W.3d at 627; TEX. CIV. PRAC. & REM. CODE §§ 27.003(a), 27.005(b) (new version). Thus,

under the current version of the TCPA, Jones must establish that Pierce's "legal action is based on or is in response to [his] exercise of the right of free speech, right to petition, or right of association." TEX. CIV. PRAC. & REM. CODE §§ 27.003(a) (new version).

Here, Jones moved for dismissal pursuant to his exercise of the rights of free speech and association. The TCPA defines the "exercise of the right of free speech" as "a communication made in connection with a matter of public concern." *Id.* § 27.001(3). The "exercise of the right of association" means "to join together to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding or a matter of public concern." *Id.* § 27.001(2).

## B.     The Parties' Burdens

A party who moves for dismissal pursuant to the TCPA invokes a three-step, burden-shifting process: (1) the movant seeking dismissal must demonstrate by a preponderance of the evidence that a "legal action" has been brought against it and that the action is "based on or is in response to" an exercise of a protected constitutional right; (2) the burden shifts to the party bringing the legal action to avoid dismissal by establishing, by clear and specific evidence, a prima facie case for each essential element of the claim in question; and (3) the burden shifts back to the movant to justify dismissal by establishing an affirmative defense or other ground on which it is entitled to judgment as a matter of law. *See McLane*

*Champions*, 671 S.W.3d at 914 & n.6 (citing TEX. CIV. PRAC. & REM. CODE § 27.005(b)–(d)). If the movant does not meet the initial burden, the motion to dismiss fails. *See Keane Frac, LP v. SP Silica Sales, LLC*, 608 S.W.3d 416, 432 n.6 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (declining to perform additional steps of TCPA analysis after concluding appellant failed to establish TCPA applied).

## C.  Standard of Review

We apply a de novo standard of review to a trial court's ruling on a TCPA motion to dismiss. *Gaskamp v. WSP USA, Inc.*, 596 S.W.3d 457, 470 (Tex. App.—Houston [1st Dist.] 2020, pet. dism'd) (en banc) (citing *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied)). In considering whether a legal action is subject to or should be dismissed under the TCPA, we consider the pleadings, evidence a court could consider under Texas Rule of Civil Procedure 166a, and supporting and opposing affidavits stating the facts on which the liability or defense is based. TEX. CIV. PRAC. & REM. CODE § 27.006(a). The plaintiff's allegations, and not the defendant's admissions or denials, constitute the basis of a legal action. *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017). We view the pleadings and evidence in the light most favorable to the nonmovant. *Kassab v. Pohl*, 612 S.W.3d 571, 577 (Tex. App.—Houston [1st Dist.] 2020, pet. denied). Whether the TCPA applies is

8

an issue of statutory interpretation that we also review de novo. *S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018).

**D.  Analysis**

In this case, our analysis begins and ends with the first step of the TCPA burden-shifting framework: whether the TCPA applies to this action. *See Smith v. Crestview NuV, LLC*, 565 S.W.3d 793, 799 (Tex. App.—Fort Worth 2018, pet. denied). "In order to trigger the TCPA's protection, the 'legal action' must be *factually predicated* on the alleged conduct that falls within the scope of the TCPA's definition of 'exercise of the right of free speech,' petition, or association." *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 428 (Tex. App.—Dallas 2019, pet. denied) (emphasis added) (internal alteration and quotations omitted). If this nexus is missing, then the TCPA does not apply. *See Sloat v. Rathbun*, 513 S.W.3d 500, 504 (Tex. App.—Austin 2015, pet. dism'd) (concluding that any activities by movant "that are not a factual predicate for [the non-movant's] claims are simply not pertinent to the inquiry"). "[W]e do not blindly accept attempts by the [movant] to characterize [the non-movant's] claims as implicating protected expression." *Id.* Rather, we view the pleadings in the light most favorable to the non-movant, favoring the conclusion that her claims are *not* predicated on protected expression. *Id.*

Jones contends he has met his initial burden to establish a nexus between the rights protected by the TCPA and Pierce's claims because Pierce's action is "based on" or is "in response to" his exercise of his rights to free speech and of association. Jones points to his activity in seeking reelection as his exercise of these rights.

Pierce responds that the TCPA does not apply here because her lawsuit is not "based on" or "in response to" Jones's candidacy, his filing an application to run for reelection, or his running for office. She states that her suit neither challenges Jones's right to have his name on the November 2022 ballot, nor his ability to be a candidate in any new election resulting from her election contest. We agree with Pierce.

Here, viewed in the light most favorable to Pierce, Pierce bases her election contest on the following alleged facts:

"The Elections Administrator . . . and persons working for him or at his direction":

- "Failed to enforce election laws to ensure a fair and honest election in Harris County";

- "Prevent[ed] qualified voters from casting votes";

- "Prevent[ed] eligible voters from voting";

- "Fail[ed] to properly count legally cast votes";

- "Counted illegal votes"; and

- "Committed fraud, illegal conduct, or [other] mistakes."

10

More specifically, Pierce alleged that election officials:

- Kept polls open an additional hour without a "factual or legal justification" for doing so;

- Posted results early, in violation of the Election Code;

- Counted late-cast votes;

- Permitted more ballots to be cast than there were voters;

- Counted more mail ballots than were mailed;

- Failed to count some provisional ballots;

- Improperly counted some mail-in ballots;

- Allowed multiple votes for some voters;

- Failed to supply sufficient polling supplies at certain locations; and

- Engaged in other acts of fraud or misconduct.

Importantly, none of these allegations in Pierce's suit refer to Jones. In fact, after identifying Jones as a party, the suit only mentions Jones by name again when referring to the number of votes for each candidate.

Further, neither in his TCPA motion nor on appeal does Jones point to any specific allegation made by Pierce; instead, he focuses on his own actions in seeking reelection. But none of this activity forms the basis of Pierce's suit.[4] *See Sloat*, 513

---

[4] Jones seems to acknowledge as much in the affidavit he attached to his TCPA motion, wherein he avers: "I am being subjected to litigation as a Defendant and Contestee based upon the purported misconduct of the Election Administrator,

11

S.W.3d at 504 ("[A]ny activities by the [movants] that are not a factual predicate for [the non-movant's] claims are simply not pertinent to the inquiry").

In *Dolcefino v. Cypress Creek EMS*, this Court engaged in a similar analysis. *See* 540 S.W.3d 194, 199–202 (Tex. App.—Houston [1st Dist.] 2017, no pet.). In that case, the appellee filed suit seeking a declaratory judgment after the appellants made certain requests for financial documents pursuant to the Texas Nonprofit Corporation Act. *Id.* at 195. Appellants then filed a TCPA motion to dismiss, claiming that the filing of the declaratory judgment action in response to his document request violated his free speech rights. *Id.* In affirming the trial court's denial of the motion (by operation of law), our court first analyzed the conduct at issue in the underlying lawsuit. *Id.* at 200. We noted that the appellee's declaratory judgment action "sought a declaration from the trial court concerning its *own* conduct . . . [and] did not seek to prohibit any conduct or speech by [the appellant/non-movant]." *Id.* Further, the non-movant "did not allege that [the movant's] [document] requests contained any tortious communications, nor did it seek any damages related to [the movant's] requests." *Id.* Therefore, we concluded that the trial court could have determined that the non-movant's suit was based on,

---

Clifford Tatum." Though Pierce moved to strike portions of the affidavit, the trial court's order granting Pierce's motion did not strike this averment.

related to, or in response to[5] the triggering of its own duties or obligations to comply with the Business Organizations Code— "a subject-matter that does not fall within the TCPA's purview." *Id.*

We also considered the plain language of the TCPA and determined that "[n]othing in [the non-movant's] petition . . . seeks to directly limit [the movant's] right to speak freely or to otherwise participate in government to the maximum extent permitted by law." *Id.*

Similarly, here, and as Pierce points out, nothing about her election contest seeks to limit Jones's right to speak freely as a judicial candidate, to seek reelection, or to participate in a new election, should Pierce prevail in the election contest. Further, as we noted in *Dolcefino*, to interpret the TCPA otherwise would "undermine the clear directive that the TCPA 'does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions,'" such as the ability to file an election contest under the Texas Election Code. *See id.* at 200–01 (quoting TEX. CIV. PRAC. & REM. CODE § 27.011).[6]

---

[5] *Dolcefino* was decided under the prior version of the TCPA, which included the "relates to" language.

[6] Moreover, Jones argues that the Legislature could have included an election contest or the Election Code in the list of matters it specifically exempted from the TCPA, but it did not. *See* TEX. CIV. PRAC. & REM. CODE § 27.010 (outlining exemptions).

Based on the foregoing, we conclude that the record supports the trial court's determination that Jones failed to demonstrate that Pierce's suit was "based on" or "in response to" Jones's exercise of the right to free speech or the right of association, and accordingly, the trial court did not err in denying his TCPA motion. *See id*; *see also* TEX. CIV. PRAC. & REM. CODE § 27.005(b).

Having determined that the trial court correctly found that the TCPA does not apply to Pierce's claims here, we need not address Jones's remaining arguments concerning Pierce's submission of prima facie proof of the essential elements of her claims. *See Dolcefino*, 540 S.W.3d at 202.[7]

We overrule Jones's first issue.

## Award of Fees and Costs

In his second issue, Jones argues that the trial court erred in awarding attorney's fees and costs to Pierce following the denial of his TCPA motion.

## A.    Standard of Review

We review the trial court's decision to award attorney's fees under the TCPA for an abuse of discretion. *Sullivan v. Tex. Ethics Comm'n*, 551 S.W.3d 848, 857 (Tex. App.—Austin 2018, pet. denied); *see also Pinghua Lei v. Nat. Polymer Int'l*

---

[7]    To be clear, we do not hold that an election contest can never be subject to a motion to dismiss under the TCPA. Rather, we hold that under the facts of this case, Jones has not met his burden to establish that Pierce's suit is "based on or is in response to" Jones's exercise of a protected constitutional right.

14

*Corp.*, 578 S.W.3d 706, 717 (Tex. App.—Dallas 2019, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably or without regard to guiding principles. *Sullivan*, 551 S.W.3d at 857; *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

## B. Analysis

Under the TCPA, a responding party can recover reasonable attorney's fees and costs if the trial court determines that the TCPA motion was "frivolous or solely intended to delay." TEX. CIV. PRAC. & REM. CODE § 27.009(b). Here, the trial court's order summarily stated that Jones's motion was both frivolous *and* solely intended for delay, without stating its basis for this determination. Because the statute requires a finding that the motion was frivolous *or* solely intended for delay, we can affirm the award if the record demonstrates either requirement. *See Six Bros. Concrete Pumping, LLC v. Tomczak*, No. 01-21-00161-CV, 2022 WL 17981577, at *11 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, pet. denied) (mem. op.) ("Although the trial court did not make express findings that appellants' motion was frivolous or solely intended to delay, we review the record to determine whether it supports an implied finding under either prong.") (citing *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002)).

### 1.    Whether Jones's Motion was Frivolous

Though the TCPA does not define "frivolous," other courts that have addressed the issue (including this one) have determined that "the common understanding of the word frivolous contemplates that a claim or motion will be considered frivolous if it has no basis in law or fact and lacks a legal basis or legal merit." *See, e.g.*, *Keane Frac, LP*, 608 S.W.3d at 432–33 (citing *Sullivan*, 551 S.W.3d at 857) (internal quotations omitted).

The mere fact that the trial court denied the TCPA motion, without more, is not sufficient to demonstrate that the motion was frivolous. *Id.* at 433. Our court has refused to hold that a TCPA motion was frivolous where the law was unclear at the time of the motion's filing. *See Marrujo v. Wisenbaker Builder Servs., Inc.*, No. 01-19-00056-CV, 2020 WL 7062318, at *12 (Tex. App.—Houston [1st Dist.] Dec. 3, 2020, no pet.) (mem. op.); *Keane Frac, LP*, 608 S.W.3d at 433. Other courts have determined a TCPA motion to be frivolous when evidence presented at an earlier injunction hearing established a prima facie case for the nonmovant's claim, *see Lei*, 578 S.W.3d at 717, and when nothing in the record indicated that the movant had analyzed whether a legal basis existed upon which to assert that the TCPA applied. *See Caliber Oil & Gas, LLC v. Midland Visions 2000*, 591 S.W.3d 226, 243 (Tex. App.—Eastland 2019, no pet.).

Here, Jones contends that the application of the TCPA to an election contest is an issue of first impression, and as such, his arguments were made in good faith and not frivolous. Jones also points to an email from the trial court to the parties following oral argument, wherein the trial court stated that "[i]t is always a pleasure to hear first-rate and heartfelt advocacy on both sides" as an indication that the motion was not frivolous.

In response, Pierce argues that Jones's motion was frivolous because it cited to the prior version of the TCPA and argued for the application of the outdated "relates to" language. Pierce notes that Jones also argued that the TCPA mandates sanctions for defending an unsuccessful motion; however, amendments to the TCPA removed the mandatory language. Further, according to Pierce, Jones misstated the timing for a hearing on his motion, and incorrectly asserted that he was permitted to present evidence and testimony at the hearing in support of his motion. Lastly, Pierce contends that she presented prima facie evidence of each element of her claim with her petition; thus, the evidence supporting her claim was already known to Jones at the time he filed his TCPA motion. The trial court's order does not state the basis for its determination that Jones's motion was frivolous.

We agree with Pierce and the trial court that Jones's motion was frivolous. Jones has failed to articulate any legal basis supporting his position that Pierce's election contest is "based on or is in response to" any exercise *by Jones* of a protected

17

constitutional right. Jones points to the fact that application of the TCPA to an election contest is an issue of first impression; however, well-settled precedent requires us to look to the factual underpinnings of the case in assessing whether the alleged conduct falls within the protections of the TCPA, not the movant's arguments regarding the statute's application. *See Dyer*, 573 S.W.3d at 428–29; *Sloat*, 513 S.W.3d at 504. Considering Pierce's suit, which focuses entirely on the conduct of election officials in carrying out the November 2022 general election, as well as Jones's repeated references to outdated language from the pre-2019 version of the TCPA, we hold that the trial court did not abuse its discretion in finding that Jones's motion was frivolous. *See Six Bros. Concrete Pumping*, 2022 WL 17981577, at *11 (upholding trial court's award of fees and costs where TCPA movant's arguments "were not for an extension of existing law: they were for application of [pre-amendment] law that does not apply").

## 2. Whether Jones's Motion was Solely Intended for Delay

With regard to delay, Jones notes that he filed his TCPA motion with his answer, even though the statute allowed for filing up to sixty days from the date of service of the lawsuit. *See* TEX. CIV. PRAC. & REM. CODE § 27.003(b). Jones also points out that the trial court heard the motion before it authorized any discovery in the case and ruled on the motion prior to the deadline for disclosures pursuant to Texas Rule of Civil Procedure 194; therefore, any resulting delay was minimal.

Pierce claims that Jones's arguments support a finding of delay because Jones's motion, filed with his answer, halted the case immediately, before any discovery could be conducted, and the interlocutory appeal has stayed all proceedings.[8] Pierce notes that Jones can continue to hold office and avoid an election contest until he exhausts all appeals from the denial of the TCPA motion. Again, the trial court's order is silent as to the basis for its determination that the motion was solely intended to delay.

On this issue, we disagree with Pierce and the trial court. Rather, Jones's actions, particularly his prompt filing of the motion with his answer, indicate an attempt to dispose of Pierce's claims as early as practicable. *See Doe v. Cruz*, No. 04-21-00582-CV, 2023 WL 5062077, at *17 (Tex. App.—San Antonio Aug. 9, 2023, no pet. h.) (holding trial court abused discretion in concluding TCPA motion solely intended to delay where movant filed motion within week of filing of new counterclaims against him, trial court set hearing within sixty days, and decided motion within ninety days—all within statutory deadlines); *Grand Parkline, LLC v.*

---

8   Relying on *HydroChem LLC v. Evoqua Water Technologies, LLC*, 650 S.W.3d 6 (Tex. App.—Houston [1st Dist.] 2020, pet. denied), Pierce suggests that the mere filing of an interlocutory appeal supports a finding of delay. We do not agree with this interpretation of this Court's decision in *HydroChem*. There, we noted that the TCPA movant's taking of an interlocutory appeal effectively stayed litigation beyond the expiration of a temporary injunction previously agreed to by the movant. *Id.* at *14. We also noted other factors supporting the trial court's delay determination, which the trial court outlined in findings of fact and conclusions of law. *See id.* & n.3. Here, those other factors are not present, and the trial court did not provide a basis for its ruling.

*Mama Fu's Lakeline, LLC*, No. 03-19-00683-CV, 2020 WL 7050375, at *6 (Tex. App.—Austin Dec. 2, 2020, no pet.) (mem. op.) (holding trial court abused discretion in determining TCPA motion solely intended to delay where motion was filed within sixty days of live pleading and thus timely by statute, even though nine months elapsed from original pleading and movant had conducted discovery). However, because we agree that Jones's motion was frivolous, we affirm the trial court's finding that Pierce is entitled to attorney's fees and costs. *See Six Bros. Concrete Pumping*, 2022 WL 17981577 at *11.

We overrule Jones's second issue.

## Conclusion

We affirm the trial court's order denying Jones's TCPA motion to dismiss and affirm the trial court's finding that Pierce is entitled to attorney's fees and costs. *See* TEX. R. APP. P. 43.2(a).


Amparo Guerra
Justice

Panel consists of Justices Goodman, Rivas-Molloy, and Guerra.